HARRIET A. LANGDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9842.    Promulgated August 22, 1927.

Under the Revenue Act of 1921, where the March 1, 1913, value of vacant land is established by expert opinion evidence as in excess of the selling price, no taxable gain results.

*Earl J. Bennett, Esq.*, for the petitioner.
*J. L. Deveney, Esq.*, for the respondent.

This is an appeal from a proposed deficiency in income taxes for the year 1921, in the sum of $468.42, and the sole issue presented is the amount of gain, if any, resulting from the sale of real estate acquired prior to March 1, 1913.

FINDINGS OF FACT.

The petitioner, Harriet A. Langdon, is a resident of the village of Rockville Center, N. Y., and some time during the year 1894, purchased for the sum of $4,000 a tract of land in Rockville Center, fronting 200 feet on the northerly side of Observer Street and ex-

tending in depth 200 feet to a railroad track. On the westerly portion of this tract of land there was erected a building used for the storage of coal, lumber, and wood, and on the rear of the property, facing the railroad a siding had been built. No further improvements were made and in 1921, the petitioner sold for $14,000 a portion of this property, being the easterly 70 feet on Observer Street, of which 50 feet extended 200 feet in depth to the railroad and the remaining 20 feet on the northwesterly side had a depth of 170 feet. No buildings had been erected upon this portion at any time.

In filing her income-tax return for the year 1921, petitioner set forth that the March 1, 1913, value of the portion so sold amounted to $14,000. The Commissioner upon investigation found the value as of March 1, 1913, to be $7,000 and therefore found the gain realized from the sale to amount to $7,000.

The March 1, 1913, value of the portion of the petitioner's property sold in 1921 was in excess of $14,000.

### OPINION.

Murdock: The only question which we need decide is that of the March 1, 1913, value of property of the petitioner purchased in 1894 for less than the sale price and sold in 1921 for $14,000. The petitioner now contends and introduces testimony to show that that value was an amount substantially in excess of $14,000 and that therefore no gain resulted from the sale.

The testimony furnished at the hearing consisted of the depositions of two experienced real estate men of the village wherein the property was situated, both of whom stated that they were familiar with the petitioner's property and had given testimony in the year 1909, in certain condemnation proceedings, as to the value of this particular property in 1908. We have no reason to question their honesty and we have some evidence of their ability as judges of value and of their reasons for arriving at the values they gave. It is true that on cross-examination the respondent brought out that values had increased from 1913 to 1921, but we decline to draw from this fact the inferences desired by the respondent. The testimony of these experts must therefore be given at least sufficient weight to overcome the presumption of the correctness of the Commissioner's unexplained determination.

*Judgment will be entered on notice of 15 days, under Rule 50.*

Considered by Sternhagen and Arundell.